IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERRANCE L. BELL,            )
                             )
         Plaintiff,          )
                             )
                             )
vs.                          )    CASE NO. 3:13-cv-00946
                             )    JUDGE TRAUGER/KNOWLES
                             )
                             )
DAVIDSON COUNTY SHERIFF'S    )
OFFICE, et al.,              )
                             )
         Defendants.         )

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon a Motion to Dismiss filed by Van Modling, Mellnee Ransom, and Jeremy Jones ("Defendants"). Docket No. 17. Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 18), and the Declaration of Tom Davis (Docket No. 19). As grounds for their Motion, Defendants argue that this action should be dismissed because Plaintiff did not properly grieve his allegations against Defendant Jones nor did he properly appeal his grievance against Defendants Modling and Ransom, and therefore did not comply with the exhaustion requirements under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. Docket No. 17.

Plaintiff has filed a handwritten letter, which the undersigned will construe as a Response. Docket No. 20. In it, Plaintiff essentially contends that he filed a grievance and two "grievance appeals," but Defendants shook down his cell, looked through all of his papers, and

stole the copies of the grievances and appeals he filed in an attempt to "cover their trail." *Id.*

With leave of Court (Docket No. 22), Defendants have filed a Reply (Docket No. 23). Defendants reply that although Plaintiff's letter references that he filed a grievance about not being placed on the Ramadan list and that he filed two "grievance appeals" via filing a Title VI Complaint, Title VI complaints are not part of the grievance process and thus are not "grievance appeals." Docket No. 23. Defendants argue, therefore, that Plaintiff's letter does not refute their position that he did not file a direct appeal from his grievance through the grievance process. *Id.* Defendants also note that Plaintiff filed this action pursuant to 42 U.S.C. § 1983, not Title VI, such that whether Plaintiff exhausted his administrative remedies with regard to his Title VI claims are irrelevant to whether he exhausted his administrative remedies under the instant action. *Id.* Defendants further assert that, should the Court interpret Plaintiff's Complaint to include a Title VI component, Plaintiff nevertheless fails to state a viable Title VI claim because Title VI claims require a plaintiff to: (1) make a threshold showing that the defendant receives federal financial assistance; (2) establish that the program in question receives federal financial assistance; and (3) demonstrate a nexus between the plaintiff's denied participation and his protected class, which Plaintiff has neither alleged nor demonstrated. *Id., citing, e.g., Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996); *Grove City College v. Bell*, 465 U.S. 555 (1984).

Although the instant Motion is a Motion to Dismiss, as noted above, Defendants have also submitted for consideration the Declaration of Tom Davis. As the undersigned discussed in an Order entered August 11, 2014 (Docket No. 31):

2

> Fed. R. Civ. P. 12(d) provides in relevant part:
>
>> Result of Presenting Matters Outside the Pleadings.
>> If, on a motion under Rule 12(b)(6) or 12(c),
>> matters outside the pleadings are presented to and
>> not excluded by the court, the motion must be
>> treated as one for summary judgment under Rule
>> 56. All parties must be given a reasonable
>> opportunity to present all the material that is
>> pertinent to the motion.
>
> . . . Defendants have clearly filed a Motion under Rule 12(b)(6),
> and have presented to the Court matters outside the pleadings. The
> Court will not exclude the Declaration of Mr. Davis. Therefore, the
> Court will treat the instant Motion as a Motion for Summary
> Judgment pursuant to Fed. R. Civ. P. 56.
>
> Plaintiff shall file a Response to the Motion on or before August
> 25, 2014. . . .

On August 26, 2014, Plaintiff filed a letter in response to the Court's August 11, 2014 Order, which the Court will construe as a Response to the conversion of the Motion to Dismiss into a Motion for Summary Judgment upon consideration of Mr. Davis' Declaration. Docket No. 34. Plaintiff's Response is, however, unsworn, unverified, contains no citations to the record, and is not in a form required by Fed. R. Civ. P. 56. *See id*.

Plaintiff filed this action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his First Amendment rights by not adding him to the Ramadan list. Docket No. 1. Specifically, Plaintiff avers:

> I put in a grievance to get put on the Ramadan list and these people
> here said it was to [sic] late because I was suppose to have put in
> for to be [sic] put on the list a week prior to Ramadan But here's
> the thing Ramadan never comes in the same time each year and has
> to be a siteing [sic] on the moon to let us know when it's in and it
> never was an announcement made that Ramadan has started I had
> to find out from another Muslim coming in from the streets . . .
> every time I try and save my food during the day to eat it when the

3

> sunset [sic] Due to my Religion Some of the CO's would
> Intentionally throw my food away trying to keep me from
> practicing my religion . . .

*Id.*

With regard to what actions Plaintiff took under the Davidson County Sheriff's Office grievance procedure, Plaintiff avers that he "sent in grievance that never was answered back [and he] put in a Title 6." *Id.*

Plaintiff does not specify the relief he seeks or the capacity in which he sues Defendants. *See* Docket No. 1. Because he does not specify the capacity in which he sues Defendants, he is deemed to sue Defendants only in their official capacity. *See id.; Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891. F.2d 591, 592-94 (6th Cir. 1989).

For the reasons set forth below, Plaintiff has failed to exhaust his administrative remedies as required by the PLRA and Plaintiff has failed to state a claim upon which relief can be granted against Defendants in their official capacities. Accordingly, the undersigned recommends that the instant Motion (Docket No. 17) be GRANTED.

## II. Facts

### A. Allegations of Plaintiff's Complaint[1]

The allegations of Plaintiff's Complaint, in pertinent part, are as follows:

> I put in a grievance to get put on the Ramadan list and these people
> here said it was to [sic] late because I was suppose to have put in
> for to be [sic] put on the list a week prior to Ramadan But here's
> the thing Ramadan never comes in the same time each year and has
> to be a siteing [sic] on the moon to let us know when it's in and it
> never was an announcement made that Ramadan has started I had

---

[1] Although not in a form required by Fed. R. Civ. P. 56, the allegations of Plaintiff's Complaint are set forth to provide background information.

4

> to find out from another Muslim coming in from the streets . . .
> every time I try and save my food during the day to eat it when the
> sunset [sic] Due to my Religion Some of the CO's would
> Intentionally throw my food away trying to keep me from
> practicing my religion . . .

Docket No. 1.

Plaintiff states that he "sent in grievance that never was answered back [and he] put in a Title 6." *Id.*

### B. Declaration of Tom Davis, Davidson County Sheriff's Office Records Manager[2]

At the beginning of their incarceration with the Davidson County Sheriff's Office ("DCSO"), inmates receive an inmate handbook that includes a summary of the inmate grievance process. Docket No. 19, ¶ 3.

Plaintiff filed a grievance on July 22, 2013 that complained of not being placed on the list for a Ramadan meal. *Id.*, ¶ 6. Plaintiff's July 22, 2013 grievance was denied as unsustained. *Id.* Plaintiff did not appeal his July 22, 2013 grievance. *Id.*, ¶ 7.

Plaintiff's grievance file contains no record of a grievance filed related to Defendant Jones or any other correctional officer taking food from Plaintiff's cell on or around August 4, 2013. *Id.*, ¶ 8.

### III. Analysis

### A. Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e

A prisoner must exhaust all available administrative remedies before filing a claim under

---

[2] As noted, Defendants have submitted the Declaration of Tom Davis, Davidson County Sheriff's Office Records Manager. Docket No. 19. Mr. Davis' Declaration is in a form required by Fed. R. Civ. P. 56. For the reasons discussed above, the undersigned will consider the contents of Mr. Davis' Declaration, and will consider them as being undisputed.

5

§1983 or any other federal law. 42 U.S.C. §1997e(a). *See also, e.g., White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999). The Prison Litigation Reform Act of 1995 provides in pertinent part as follows:

> (a) **Applicability of Administrative Remedies**. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis original).

Additionally, the filing of an initial grievance is not sufficient to satisfy the requirements of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). In *Hartsfield*, the Sixth Circuit explicitly stated:

> Even if Plaintiff did file an initial grievance against [defendants], he was required to continue to the next step in the grievance process . . . . We have previously held that an inmate cannot simply . . . abandon the process before the completion and claim that he has exhausted his remedies. . .

When a defendant shows that a plaintiff has not "exhausted all available state administrative remedies," the only remaining question is whether Plaintiff's claims have been brought with respect to "prison conditions" as that term is used in 42 U.S.C. § 1997e(a).

The Sixth Circuit discussed the meaning of the term "prison conditions" as used in 42 U.S.C. § 1997e(a) in *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). In *Freeman*, Plaintiff inmate brought a lawsuit against prison officials claiming that they had used excessive force

6

against him. The lower court had dismissed his complaint for failure to exhaust administrative remedies. On appeal, Plaintiff argued in part that he was not required to exhaust his administrative remedies because his excessive force claim did not involve a "prison condition" within the meaning of § 1997e(a). The *Freeman* Court stated in part as follows:

> The phrase "action . . . with respect to prison conditions" is not defined in § 1997e. Because the question is one of statutory construction, we must first look to the plain language of the statute. Defendants argue that the term "prison conditions" as used in 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislation as § 1997e, does include claims such as excessive force because it expressly includes "effects of actions of government officials on the lives of confined persons" as well as "conditions of confinement" in defining "prison conditions." . . . It is generally recognized that when Congress uses the same language in two different places in the same statute, the words are usually read to mean the same thing in both places. . . .
>
> Moreover, reading the term "prison conditions" to include claims of excessive force finds support in the purpose and legislative history of the Act. The Act was passed to reduce frivolous prisoner lawsuits and to reduce the intervention of federal courts into the management of the nation's prison systems. A broad exhaustion requirement that includes excessive force claims effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court. Prisons need to know about and address claims of excessive force as they would any other claim concerning prison life so that steps may be taken to stop problems immediately if they exist.

196 F.3d at 643-644 (footnote omitted).

The U. S. Supreme Court has also held that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *See Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 986 (2002). As the *Porter* Court stated:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress

> afforded corrections officials time and opportunity to address
> complaints internally before allowing the initiation of a federal
> case. In some instances, corrective action taken in response to an
> inmate's grievance might improve prison administration and satisfy
> the inmate, thereby obviating the need for litigation. . . . In other
> instances, the internal review might "filter out some frivolous
> claims." . . . And for cases ultimately brought to court, adjudication
> could be facilitated by an administrative record that clarifies the
> contours of the controversy.
>
> . . .
>
> For the reasons stated, we hold that the PLRAs exhaustion
> requirement applies to all inmate suits about prison life, whether they
> involve general circumstances or particular episodes, and whether
> they allege excessive force or some other wrong.

122 S.Ct. at 988, 992 (citations omitted, emphasis added).

### B. The Case at Bar

As an initial matter, under the reasoning of *Porter* and *Freeman*, Plaintiff's claims in the case at bar fall within the meaning of the term "prison conditions" as used in §1997e(a). He is, therefore, required to exhaust his administrative remedies as set forth in the PLRA.

While Plaintiff avers in his Complaint that he filed a grievance regarding not being placed on the Ramadan meal list, the undisputed facts establish that: (1) Plaintiff filed a grievance on July 22, 2013 that complained of not being placed on the list for a Ramadan meal; (2) Plaintiff's July 22, 2013 grievance was denied as unsustained; and (3) Plaintiff did not appeal his July 22, 2013 grievance. Docket No. 19, ¶¶ 6, 7.

As discussed above, the filing of an initial grievance is not sufficient to satisfy the requirements of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Plaintiff has failed to do so.

Absent the completion of the appeals process, this action should be dismissed.

Plaintiff, in his Complaint, does not aver that he filed and appealed other grievances against the instant Defendants (*see* Docket No. 1), and the undisputed facts establish that Plaintiff's grievance file contains no record of a grievance filed related to any correctional officer taking food from Plaintiff's cell on or around August 4, 2013 (Docket No. 19, ¶ 8).

Moreover, even if Plaintiff had exhausted his administrative appeals, he cannot sustain his claims against Defendants in their official capacities, because Plaintiff has failed to even mention, much less allege, that an official Davidson County policy, practice, or custom caused him injury. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 387-88 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Accordingly, Plaintiff has failed to state a viable claim against Defendants in their official capacities.

## IV.  Conclusion

For the reasons discussed above, Plaintiff has failed to exhaust his administrative remedies as required by the PLRA and Plaintiff has failed to state a claim upon which relief can be granted against Defendants in their official capacities. Accordingly, the undersigned recommends that the instant Motion (Docket No. 17) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge